M. Scott McIntyre (*pro hac vice* forthcoming)
Matthew C. Berger
(N.J. Bar No. 900712012)
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: smcintyre@bakerlaw.com
Email: mberger@bakerlaw.com

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW ISAACS,<br><br>                Plaintiff,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>                Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Novartis Pharmaceuticals Corporation ("Defendant"), by and through its undersigned counsel, hereby removes this civil action, pending in the Superior Court of New Jersey, Somerset County, Case No. SOM-L-000906-25 (the "State Court Action") to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Defendant states as follows:

### STATE COURT ACTION

1. On June 19, 2025, Plaintiff Andrew Isaacs ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division, Somerset County, captioned *Andrew Isaacs vs.*

*Novartis Pharmaceuticals Corporation*, and bearing Docket No. SOM-L-000906-25.

2.      Defendant was served with the Summons and Complaint on June 23, 2025. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## VENUE

4.      Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b)(2), venue is proper in the District of New Jersey because this district embraces the place in which the State Court Action is pending, and this is the judicial district in which a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred.

## FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C § 1331

5.      The United States District Court for the District of New Jersey has federal question jurisdiction over this case based on 28 U.S.C. § 1331.

6.      Plaintiff seeks to claim severance benefits that are subject to the Employee Retirement Income Security Act ("ERISA"). The doctrine of complete preemption confers jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 144(a) ("the provisions of this subchapter [of ERISA] . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law. . . . ERISA is one of these statutes.") (citation omitted) (internal quotation marks omitted).

2

7. Congress enacted ERISA to ensure that employees would receive the benefits they had earned, to ensure "fair and prompt enforcement of rights" under benefit plans, and to "encourage[] the creation of such plans." *Conkright v. Frommert*, 559 U.S. 506, 516–17 (2010) (quoting *Davila*, 542 U.S. at 215).

8. Under Third Circuit precedent, putative state law claims are subject to "complete preemption" (and thus removable to federal court) under ERISA if: (1) the plaintiff could have brought his claims under ERISA; and (2) the claims are not based on a duty independent of the plaintiff's claim for benefits. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) ("ERISA's civil enforcement mechanism, § 502(a), is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal-claim for purposes of the well-pleaded complaint rule."). Both prongs of the *Pascack Valley* test are satisfied here and, as such, ERISA's sweeping preemptive effect extends to all of Plaintiff's alleged claims and/or causes of action.

**A. Prong One is Satisfied**

9. Prong one of the *Pascack Valley* test asks whether the plaintiff could have brought his claims under ERISA. *See Pascack Valley*, 388 F.3d at 400. A claim may be brought under ERISA § 502(a) by a "participant" or "beneficiary" of an ERISA plan.

10. Here, Plaintiff alleges that he was a beneficiary of Defendant's "severance policy." (Compl. ¶ 12.) The only "severance policy" Defendant has is the Severance Pay Plan for Employees of Novartis Group Companies in the United States (the "Severance Plan"). (**Exhibit B**.)

3

11. The Severance Plan is governed by ERISA because it is a plan "established or maintained by an employer . . . for the purpose of providing its participants . . . benefits in the event of . . . unemployment . . . ." 29 U.S.C. § 1002(1). Indeed, the Severance Plan explicitly states that it is governed by ERISA and that employees are entitled to certain rights and protections under ERISA. (**Exhibit B** at pp. 6 ("This plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA")."), 7 ("As a participant in the Severance Pay Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974, as amended (ERISA)."), and 8 ("The plan is a welfare plan providing severance pay benefits for purposes of ERISA.").)

12. Because Plaintiff is a "beneficiary" of a severance plan governed by ERISA, prong one of the *Pascack Valley* test is met.

**B. Prong Two is Satisfied**

13. When a "claim challenges the administration of or eligibility for benefits," that claim "falls within the scope of § 502(a) and is completely preempted." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001). Accordingly, ERISA preempts claims for denial of benefits "even when the claim is couched in terms of common law negligence and breach of contract." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177 (3d Cir. 2014) (citation omitted) (internal quotation marks omitted); *see also Davila*, 542 U.S. at 221 ("[C]auses of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court.").

14. ERISA does not, however, preempt a claim that is supported by "a legal duty that is independent of ERISA." *Pascack Valley*, 388 F.3d at 402. "[A] legal duty is independent if it is

not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (citation omitted) (internal quotation marks omitted). When a plaintiff's "right to recovery is intertwined with the interpretation and application of ERISA-protected benefits," no independent legal duty exists and the plaintiff's claim is "completely preempted by ERISA." *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 309 (D. N.J. 2013) (citation omitted) (internal quotation marks omitted).

15. Here, Plaintiff alleges no separate contract (or independent duty) imposing obligations on Plaintiff and Defendant other than the Severance Plan governed by ERISA. (Compl. ¶¶ 12-13, 25 (alleging that Plaintiff was wrongfully denied he was entitled to under Defendant's "*severance policy*", alleging the contents of Plaintiff's "severance package," and claiming that Defendant failed to pay Plaintiff "severance") (emphasis added).

16. Moreover, all of Plaintiff's claims revolve around the "interpretation and application" of the ERISA-governed Severance Plan. *Torsiello*, 955 F. Supp. 2d at 309. However pleaded, Plaintiff's claims all boil down to a claim "derived from or conditioned upon the terms of the ERISA-governed Severance Plan. *Lugara v. Oticon, Inc.*, No. 19-CV-17951-MAS-DEA, 2020 WL 2767564, at *4 (D.N.J. May 28, 2020) (finding claim "completely preempted by ERISA and . . . removable to [federal court]"); (*see* Compl. ¶ 12 (alleging that Defendant "wrongfully denied Plaintiff severance he was otherwise entitled to pursuant to the terms of [Plaintiff's] employment and [Defendant's] severance policy").

17. Plaintiff's claims—though styled as claims for breach of contract, "reasonable value," unjust enrichment, and unpaid wages "in the form of severance" (Compl. ¶¶ 16-26)— are textbook examples of claims that "may only be brought under ERISA." *CardioNet*, 751 F.3d at 178; *see also Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 294 (3d Cir. 2014) (holding that

5

claims alleging breach of contract, bad faith, and negligence in connection with the denial of benefits under an ERISA-governed plan are preempted under ERISA, because those claims are "premised on the existence of the plan and require interpreting the plan's terms"); *Majka v. Prudential Ins. Co. of Am.*, 171 F. Supp. 2d 410, 414 (D.N.J. 2001) (holding that ERISA preempted claims that plaintiff was entitled to benefits under terms of her ERISA-governed plan and that insurer's failure to provide those benefits constituted breach of contract and of duty of good faith and fair dealing).

18. Simply put, Plaintiff's claims would not exist if the ERISA-governed Severance Plan did not exist. For that reason, Plaintiff's claims are not supported by an "independent legal duty" and are therefore completely preempted by ERISA. *See N.J. Carpenters*, 760 F.3d at 303.

C. **Supplemental Jurisdiction is Warranted if Any of Plaintiff's Claims are Preempted by ERISA**

19. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." When state law claims share "a common nucleus of operative fact" with federal law claims, the state law claims are amenable to supplemental jurisdiction under 28 U.S.C. § 1367(a). *Hill v. Cohen*, 40 F.4th 101, 112 (3d Cir. 2022) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

20. All of Plaintiff's claims share "a common nucleus of operative fact"; namely, the alleged wrongful denial of severance under Defendant's "severance policy." (Compl. ¶ 12.)

21. Therefore, this Court need only find that one of Plaintiff's claims is completely preempted under ERISA § 502(a) to exercise supplemental jurisdiction over the others. *See* 28 U.S.C. § 1367(a). If any of Plaintiff's claims and/or causes of action are not preempted and/or

governed by ERISA, this Court has supplemental jurisdiction over any otherwise nonremovable claims and/or causes of action and may determine all issues therein.

22. In short, this District Court has original subject matter jurisdiction over this entire action, and removal of the entire action is proper even when removable claims are joined with potential nonremovable claims.

## NOTICE TO PLAINTIFF

23. Attached and incorporated as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal (without exhibits), the original of which (with exhibits) will be filed in the Superior Court of New Jersey, Law Division, Somerset County, as 28 U.S.C. § 1446(d) requires.

24. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant will promptly give written notice thereof to Plaintiff's counsel of record.

25. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removed.

26. Defendant does not admit any fact, law, or liability through filing this Notice of Removal. Defendant expressly reserves all rights, claims, defenses, affirmative defenses and motions, including without limitation all jurisdiction, procedural, and substantive defenses available under state or federal law.

## RELIEF REQUESTED

**WHEREFORE**, Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

| | | |
|---|---|---|
| Dated: | July 22, 2025<br>New York, New York | **BAKER & HOSTETLER LLP**<br><br>*/s/ Matthew C. Berger*<br>M. Scott McIntyre (*pro hac vice* forthcoming)<br>Matthew C. Berger<br>(N.J. Bar No. 900712012)<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>Email: smcintyre@bakerlaw.com<br>Email: mberger@bakerlaw.com<br>*Attorneys for Defendant Novartis Pharmaceuticals Corporation* |