**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW ISAACS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br><br>　　　　　　Defendant. | Civil Action No. 25-13626 (GC) (JBD)<br><br>**ORDER TO SHOW CAUSE** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon a review of its docket; and

    **WHEREAS** on August 13, 2025, after the Court was unable to locate two cases[1] cited by

Plaintiff in a letter to the Court (ECF No. 7), the Court directed Plaintiff's counsel, Brian M. Cige,

Esq., to provide the Court with copies of those cases.  (ECF No. 8); and

    **WHEREAS** the Court is in receipt of Mr. Cige's response letter, in which he states that the

two non-existent cases were provided to him by his client, who found them using the artificial

intelligence (AI) platform ChatGPT.  (ECF No. 10); and

    **WHEREAS** Mr. Cige further explains that this is the first time a client has provided him

with information from ChatGPT, and he writes that a combination of factors led him to include the

cases in his letter without verifying their accuracy.  According to Mr. Cige, he was on vacation,

---

[1]    Plaintiff cited *"Mitchell v. Gilmore*, 74 F.3d 224 (4th Cir. 1996)" and *"Feliciano v. Riverbay Corp.*, 576 F. Supp. 2d 370 (S.D.N.Y. 2008)" for the proposition that this case was improperly removed based on the Employee Retirement Income Security Act (ERISA).  (ECF No. 7.)

wanted to "make [his] client happy by incorporating what [the client] provided," and "understood the need to send a quick response to [Defendant's request for a pre-motion conference] *and* request a similar [p]re-[m]otion [c]onference prior to filing a Motion to Remand."[2] (*Id.*); and

      **WHEREAS** the Court is concerned by Mr. Cige's reliance on fabricated cases and his response to the Court. *See Elizondo v. City of Laredo*, Civ. No. 25-50, 2025 WL 2071072, at \*2 (S.D. Tex. July 23, 2025) ("[A]n attorney's responsibility to review a legal filing for factual and legal accuracy is 'nondelegable.'") (citation omitted); *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, Civ. No. 17-81140, 2025 WL 1440351, at \*6 (S.D. Fla. May 20, 2025) ("Judges in our nation's courts are quite busy and need to be able to rely upon [ ] counsel to submit well-reasoned pleadings, motions, responses, replies, and other papers containing accurate and supported arguments, facts, and case law."); and

      **WHEREAS** under Federal Rule of Civil Procedure (Rule) 11, "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney . . . certifies that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and

      **WHEREAS** "an attorney who submits fake cases clearly has not *read* those nonexistent cases, which is a violation of" Rule 11. *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341,

---

[2]     On August 11, 2025, Defendant filed a letter seeking a pre-motion conference regarding its anticipated Motion to Dismiss. Based on the Court's individual preferences, Plaintiff's response was not due until August 18, 2025. Nevertheless, Plaintiff filed his response on August 12, 2025.

343 (E.D.N.Y. 2025); *see also Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) ("[U]sing a fake opinion to support an argument is a violation of Rule 11(b)(2)."); and

**WHEREAS** courts have imposed a range of sanctions on attorneys who have relied on fabricated cases in their submissions. *See, e.g., Benjamin*, 779 F. Supp. 3d at 347 ("Across the country, courts have issued a panoply of sanctions against attorneys who submitted fake cases. In nearly all cases, courts have imposed monetary sanctions ranging from $1,500 to $15,000.") (collecting cases); *Bunce v. Visual Tech. Innovations, Inc.*, Civ. No. 23-1740, 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (imposing a $2,500 penalty and requiring counsel to complete a continuing legal education course on AI and legal ethics); *Wadsworth*, 348 F.R.D. at 499 (revoking *pro hac vice* admission and imposing penalties of $1,000 to $3,000); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (imposing a $5,000 penalty); *Elizondo*, 2025 WL 2071072, at *3 (imposing a $2,500 penalty and requiring counsel to attend a continuing legal education course in ethics or legal technology); *Gauthier v. Goodyear Tire & Rubber Co.*, Civ. No. 23-281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing a $2,000 penalty and requiring counsel to attend a continuing legal education course on AI); *see also* Fed. R. Civ. P. 11, Advisory Committee Note (1993) ("The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities . . . etc."); and for other good cause shown,

**IT IS** on this $\underset{\sim}{5}^{th}$ day of September, 2025 **ORDERED** as follows:

1. Within thirty (30) days of the date of this Order, Mr. Cige is directed to show cause in writing why this Court should not issue sanctions against him pursuant to Rule 11.[3]

2. Mr. Cige shall serve a copy of this Order to Show Cause on Plaintiff Andrew Isaacs and file a certificate of service on the docket within five (5) days of the date of this Order.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[3]    *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

4