Law Offices of
# Brian M. Cige
Attorney at Law

7 East High Street
Somerville, New Jersey 08876
Phone - (908) 685-3775
Fax - (908) 685-2274

475 Wall Street
Princeton, New Jersey 08540
(By Appointment Only)

Brian M. Cige•

E-Mail: CigeLaw@gmail.com

Website: www.cigelaw.com

Reply to: Somerville

•Admitted:
State of New Jersey
Commonwealth of Pennsylvania
U.S. District Court for the
   District of New Jersey
U.S. Court of Appeals for
   the Third Circuit
Supreme Court of the
   United States of America

30 September 2025

*<u>Via ECF</u>*
Hon. Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, NJ 08608

    **Re:**     <u>**Isaacs v. Novartis Pharmaceuticals Corporation**</u>
             **Civil Action No.: 3:25-cv-13626-GC-JDB**

Dear Judge Castner,

    Please consider this letter in lieu of more formal timely response to the Order to Show Cause dated 5 September 2025 directing me to explain to the Court why it should not issue sanctions pursuant to Rule 11.

    When the Court raised the issue regarding the two "hallucinated" AI generated cases by Text Order inquiry dated 13 August 2025, the next day, shortly after I heard back from my client, I sent a letter accepting full responsibility, offering Your Honor a sincere apology and explained, in some detail, the "perfect storm" of circumstances that led to it.

    This has been a traumatic and eye opening experience. I have reviewed the cases cited by the Court and do not dispute what they hold. What I would like to do is highlight what contrasts the circumstances of the pending matter from those.

    While the cases cited in the Order to Show Cause involve pleadings within which other Courts were asked to rely on the AI generated cases, and in some where responsibility was not accepted immediately, the two cases included in my letter to the Court dated 12 August 2025 was in correspondence requesting the opportunity to file a Motion. Fortunately, defense counsel did not have to spend any time responding to same. Moreover, the Court was not being asked to rely primarily on those two cases, they were included in an effort to support the holdings in cases which had been cited earlier in it. This should not negatively impact on the core legal argument presented in support of a remand.

      Beyond the embarrassment and regret I have experienced, I have already registered for a seminar that includes AI training by Porzio Bromberg & Newman on Tuesday, 7 October 2025 at their law offices in Morristown, New Jersey (CLE program credits approval pending).

      Should the Court determine a sanction is necessary, it is submitted that the least severe is appropriate because no bad faith is present.  This can include additional CLE.  If the Court concludes that a fine is necessary, similar to *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC,* Civ. No. 17-81140, 2025WL1440351, at *6 (S.D. Fla. May 20, 2025) and *Benjamin v. Costco Wholesale Corp.,* 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025), one not greater than $1,000.00 would sufficiently send the message that what happened should not recur.

      If Your Honor would like any further information by way of response, please advise.

      Respectfully submitted,

*Brian M. Cige*

BRIAN M. CIGE

BMC/ac
c:    Client (via email)
      Matthew C. Berger, Esq. (via ECF)
      M. Scott McIntyre, Esq. (via ECF)