**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW ISAACS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 25-13626 (GC) (JBD)<br><br>**ORDER IMPOSING SANCTIONS** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon its Order to Show Cause directing Plaintiff's counsel, Brian M. Cige, Esq., to show cause in writing why he should not be sanctioned pursuant to Federal Rule of Civil Procedure (Rule) 11 for citing two non-existent cases in a letter to the Court. (ECF Nos. 7, 11.) The Court has carefully reviewed Mr. Cige's response (ECF No. 13) and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court will require Mr. Cige to certify in writing that he completed the artificial intelligence (AI) seminar for which he previously registered. No monetary sanction will be imposed at this time.

**I.　　BACKGROUND**

This case involves allegations that Plaintiff Andrew Isaacs was wrongfully denied severance upon the termination of his employment with Defendant Novartis Pharmaceuticals Corporation. (*See* ECF No. 1-1.) On June 19, 2025, Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Somerset County. (*Id.*) On July 22, 2025, Defendant removed

the matter to this Court based on the Court's federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.)

On August 11, 2025, in accordance with the Undersigned's Judicial Preferences, Defendant filed a letter requesting a pre-motion conference in connection with its anticipated Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6). (ECF No. 6.) Defendant argued, among other things, that Plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA). (*Id.*) The following day, Mr. Cige filed a response letter on behalf of Plaintiff which: (1) refuted that Plaintiff's claims implicate ERISA; and (2) argued that the case should be remanded to state court. (ECF No. 7.) On the second point, Plaintiff's letter states:

> Defendant's assertion that this is an ERISA case appears to be a strategic attempt to invoke federal jurisdiction. However, the case does not primarily involve the interpretation or administration of any ERISA plan documents. Plaintiff respectfully requests this Court remand this action to State court as Defendant has improperly removed the case wrongly claiming it is an ERISA matter as set forth in *Mitchell v. Gilmore*, 74 F.3d 224 (4th Cir. 1996) and *Feliciano v. Riverbay Corp.*, 576 F. Supp. 2d 370 (S.D.N.Y. 2008).

(*Id.*)

The Court reviewed Plaintiff's letter, but it was unable to locate either "*Mitchell v. Gilmore*, 74 F.3d 224 (4th Cir. 1996)" or "*Feliciano v. Riverbay Corp.*, 576 F. Supp. 2d 370 (S.D.N.Y. 2008)." The Court issued a Text Order directing counsel to provide copies of these cases. (ECF No. 8.) On August 14, 2025, Mr. Cige filed a letter confirming that these cases did not exist. (ECF No. 10.) Mr. Cige took "full responsibility" for citing the cases and offered his "sincerest apology to the Court." (*Id.*) Mr. Cige also explained that the non-existent cases were provided to him by his client, who found them using the AI platform ChatGPT. According to Mr. Cige, this is the first time a client has provided him with information from ChatGPT, and he claimed that a combination of factors led him to include the cases in his letter without verifying their accuracy. Specifically,

2

Mr. Cige: (1) was on vacation; (2) wanted to "make [his] client happy by incorporating what [the client] provided"; and (3) "understood the need to send a quick response to [Defendant's request for a pre-motion conference] *and* request a similar [p]re-[m]otion [c]onference prior to filing a Motion to Remand." (*Id.*)

On September 5, 2025, the Court directed Mr. Cige to show cause in writing why this Court should not issue sanctions against him pursuant to Rule 11. (ECF No. 11.) On September 30, 2025, Mr. Cige timely responded to the Order to Show Cause. (ECF No. 13.)

## II.    LEGAL STANDARD

Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney . . . certifies that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." "In the Third Circuit, courts assessing whether to impose sanctions under Rule 11 must apply an objective standard of 'reasonableness under the circumstances.'" *Edwards v. Wells Fargo Bank Nat'l Ass'n*, Civ. No. 19-14409, 2023 WL 112451, at *6 (D.N.J. Jan. 5, 2023) (quoting *Ford Motor Co. v. Summit Motor Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991)). Reasonableness under the circumstances requires "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co.*, 930 F.2d at 289 (citation modified).

## III.    DISCUSSION

In Mr. Cige's response to the Order to Show Cause, he states that this has been a "traumatic and eye opening experience" for him. (ECF No. 13.) Mr. Cige submits that the following factors distinguish this case from those in which courts have imposed sanctions: (1) he did not act with bad faith; (2) he took responsibility for his error; (3) defense counsel did not have to spend any

3

time responding to his letter; and (4) the non-existent cases "were included in an effort to support the holdings in cases which had been cited earlier" and thus the Court "was not being asked to rely primarily on those two cases." (*Id.*)  Mr. Cige also states that he has already registered for a seminar that includes AI training. (*Id.* at 2.)  In light of these considerations, Mr. Cige argues that if the Court imposes a sanction, it should be the "least severe" possible, such as a requirement to attend additional continuing legal education courses. (*Id.*)  However, Mr. Cige contends that if the Court determines a monetary fine is necessary, "one not greater than $1,000.00 would sufficiently send the message that what happened should not recur." (*Id.*)

The Court finds that Mr. Cige violated Rule 11 by relying on non-existent cases in his letter to the Court.  Indeed, "[a]n attorney who submits fake cases clearly has not *read* those nonexistent cases, which is a violation of Rule 11." *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025); *see also Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) ("[U]sing a fake opinion to support an argument is a violation of Rule 11(b)(2).").  Mr. Cige does not argue otherwise.  The Court, therefore, must consider an appropriate sanction.

As set forth in the Court's Order to Show Cause, (ECF No. 11), courts around the country have imposed a range of sanctions on attorneys who have relied on non-existent cases in their submissions.  *See, e.g.*, *Bunce v. Visual Tech. Innovations, Inc.*, Civ. No. 23-1740, 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (imposing a $2,500 penalty and requiring counsel to complete a continuing legal education course on AI and legal ethics); *Wadsworth*, 348 F.R.D. at 499 (revoking *pro hac vice* admission and imposing penalties of $1,000 to $3,000); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (imposing a $5,000 penalty); *Elizondo v. City of Laredo*, Civ. No. 25-50, 2025 WL 2071072, at *3 (S.D. Tex. July 23, 2025) (imposing a $2,500 penalty and requiring counsel to attend a continuing legal education course in ethics or

4

legal technology); *Gauthier v. Goodyear Tire & Rubber Co.*, Civ. No. 23-281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing a $2,000 penalty and requiring counsel to attend a continuing legal education course on AI). Less than two weeks after the Court issued its Order to Show Cause in this case, a Magistrate Judge in this district imposed a $3,000 sanction on an attorney who relied on hallucinated case law and legal propositions in a reply brief. *See OTG N.Y., Inc. v. OTTOGI Am., Inc.*, Civ. No. 24-07209, 2025 WL 2671460 (D.N.J. Sept. 18, 2025).

The Court finds Mr. Cige's reliance on two non-existent cases in his letter to the Court concerning. Nevertheless, the Court appreciates that Mr. Cige took immediate responsibility for his mistake, and that he has already registered for a legal seminar on AI. The Court has no reason to believe that Mr. Cige acted in bad faith, although a "finding of bad faith is not required for a Rule 11 violation." *Edwards*, 2023 WL 112451, at *6. Moreover, the Court agrees with Mr. Cige that his conduct here was less extreme than cases in which courts have imposed substantial monetary sanctions.[1] *See, e.g.*, *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, Civ. No. 24-00326, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025) (imposing a $6,000

---

[1] The Court is not persuaded, however, by Mr. Cige's assertion that the Court "was not being asked to rely primarily on" the two non-existent cases. (ECF No. 13.) It goes without saying that "federal courts . . . expect attorneys to accurately and thoroughly represent the authorities to which they cite." *Alpha Comm Enters., Inc. v. Next Vision, Inc.*, Civ. No. 13-1379, 2014 WL 12539706, at *4 n.3 (M.D. Fla. Mar. 27, 2014). This applies with equal force to all cases cited by counsel.

And the Court does not find it mitigating that this issue arises in the context of the Court's pre-motion conference process, rather than in formal briefing on a motion. Rule 11 applies to any paper submitted to the Court and the Court holds pre-motion conferences in "an effort to resolve cases expeditiously." *See* Judicial Preferences of the Hon. Georgette Castner, U.S.D.J., https://www.njd.uscourts.gov/content/georgette-castner. This practice is particularly appropriate because "the District of New Jersey is known to have a heavy case load and 'one of the largest total number of filings recorded in the country.'" *Tennaro-Messina v. Marriott Int'l Inc.*, Civ. No. 23-20852, 2024 WL 3064895, at *4 (D.N.J. June 20, 2024) (quoting *Guarino v. W. Union Co.*, Civ. No. 20-5793, 2021 WL 3286640, at *10 (D.N.J. Aug. 2, 2021)).

sanction on an attorney who "filed briefs containing non-existent AI-generated legal citations on three separate occasions").

Accordingly, the Court finds that a monetary penalty is not warranted at this time. The Court is satisfied that participation in an AI seminar will "deter undesirable future conduct" in this case. *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005); *see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). The Court will not require Mr. Cige to attend further continuing legal education courses beyond the one he self-registered for, but it will direct him to certify completion of that course.

### IV. CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 3rd day of November, 2025 **ORDERED** as follows:

1. Within thirty (30) days of the entry of this Order, Mr. Cige shall certify in writing that he attended the October 7, 2025 seminar on AI hosted by Porzio Bromberg & Newman.

*/s/ Georgette Castner*
_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**