**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW ISAACS,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | Civil Action No. 25-13626 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Andrew Isaacs's Motion to Remand this case to the Superior Court of New Jersey, Somerset County (ECF No. 17) and Defendant Novartis Pharmaceutical Corp.'s Motion to Dismiss the Complaint. (ECF No. 18.) Defendant opposed Plaintiff's Motion; Plaintiff did not reply. (ECF No. 20.) Plaintiff opposed Defendant's Motion, and Defendant replied. (ECF Nos. 19, 21.) The parties also submitted supplemental briefing at the Court's direction. (ECF Nos. 27, 28.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED** as moot.

# I. BACKGROUND

## A. Factual Background[1]

In February 2020, Plaintiff was hired by Defendant as Chief of Staff, Commercial Acceleration. (ECF No. 1-1 ¶ 1.) Plaintiff alleges he received "consecutive 'outstanding' performance reviews," was sought as a coach and mentor, and earned the trust and appreciation of his colleagues. (*Id.* ¶ 3.) By June 2022, Defendant had promoted Plaintiff twice. (*Id.* ¶ 1.)

Three employees filed complaints against Plaintiff between 2021 and 2023 regarding alleged comments made by Plaintiff. (*Id.* ¶¶ 4-6.) According to Plaintiff, Defendant denied each claim as unsubstantiated and dismissed them. (*Id.*) Despite this, in January 2024, Plaintiff received a final warning, "purportedly based on the prior complaints." (*Id.* ¶ 7.) On June 3, 2024, after a fourth employee complained of Plaintiff's conduct, Defendant terminated Plaintiff "for cause" due to "misconduct." (*Id.* ¶¶ 8-10.) Plaintiff disputes the circumstances of his termination and alleges he "was not given a meaningful opportunity for due process to challenge" the complaints against him. (*Id.* ¶ 9.)

Plaintiff alleges that his termination was involuntary and without cause, and as such, he is entitled to a "severance package." (*Id.* ¶ 13.) Specifically, Plaintiff claims that the terms of his employment and "the company's severance policy" entitled Plaintiff to severance. (*Id.* ¶ 12.) Plaintiff alleges that, had Defendant not terminated him for cause due to misconduct, his severance package would have totaled $1,038,564.97. (*Id.*) He further alleges that his severance would have included nine months of pay, comprised of a 90-day notice period "before [his] last day on payroll"

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

and six months of pay after separation, a "cash bonus" for work performed during 2024, and unvested stock options. (*Id.*)

Plaintiff claims he sought to appeal his termination, but that Defendant informed him that "only his [m]anager" could appeal, and that his manager had declined to do so. (*Id.* ¶ 14.) Plaintiff also alleges he inquired with Defendant as to the process to challenge Defendant's conclusion that his termination was "for cause," but that Defendant informed him there was "no process" to challenge the "for cause" nature of his termination. (*Id.* ¶ 15.)

### B. Procedural Background

On June 19, 2025, Plaintiff filed a Complaint in the Superior Court of New Jersey, Somerset County, asserting breach of contract, quantum meruit (reasonable value), unjust enrichment and a violation of the New Jersey Wage Payment Law (NJWPL). (ECF No. 1-1.) On July 22, 2025, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1331.[2] (ECF No. 1 at 2.)[3] On November 20, 2025, Plaintiff filed a Motion to Remand this action back to the Superior Court of New Jersey, Somerset County. (ECF No. 17.) On November 20, 2025, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim, asserting that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, preempts Plaintiff's claims and that, in any case, Plaintiff has not sufficiently stated any claims against Defendant. (ECF No. 18.)

## II. <u>LEGAL STANDARD</u>

A defendant may remove a case from state to federal court where "the district courts of the United States have original jurisdiction." *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 603

---

[2] Defendant also asserts that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any of Plaintiff's remaining state law claims. (ECF No. 1 at 6-7.)

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

(D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). Following the removal of a case, the plaintiff may move to remand the case to state court. *See Atl. Neurosurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022). When an action is removed to federal court, the removing party maintains the burden of showing that the court has subject-matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The court must evaluate whether remand is proper at the time of removal and not after. *Lawless v. N.J. Dep't of Corrs.*, Civ. No. 12-14670, 2022 WL 1830778, at *2 (D.N.J. June 3, 2022). "The [c]ourt must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

## III. DISCUSSION

Defendant removed this case to this Court pursuant to 28 U.S.C. § 1331 on the grounds that Plaintiff's claims are completely preempted by ERISA such that ERISA's "sweeping preemptive effect" extends to all of Plaintiff's causes of action. (ECF No. 1 at 2-3.) Plaintiff seeks to remand this action to state court on the grounds that his severance claims do not require the application of ERISA, such that no federal question is implicated. (ECF No. 17 at 20.) Thus, the issue in this case is whether Defendant's ERISA-approved Severance Pay Plan (the Plan) completely preempts Plaintiff's common law claims such that Plaintiff's claims are federal in nature and subject to this Court's original federal subject matter jurisdiction.[4] (ECF No. 18-1 at

---

[4] Plaintiff does not dispute that the Plan is governed by ERISA. (See ECF No. 19 at 1 (referring to the Plan as an "ERISA document").)

12-24; *see also* ECF No. 18-3.) The Court addresses the preemption issue first because it implicates this Court's jurisdiction over the case.

The well-pleaded complaint rule states that "a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-12 (1983)). There is, however, a "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to 'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Id.* As such, if a federal law completely preempts a state law cause of action, a matter may be removed to federal court on that basis alone, "even if the well-pleaded complaint rule is not satisfied." *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). A federal court may look beyond the face of the complaint to determine whether a plaintiff has "artfully pleaded his suit so as to couch a federal claim in terms of state law."[5] *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). ERISA's civil enforcement mechanism, 29 U.S.C. § 1132(a), "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." 29 U.S.C. § 1132(a)(1)(B); *Pascack Valley*, 388

---

[5] Defendant attached a copy of the Plan to its Notice of Removal as well as to its Motion to Dismiss. (ECF Nos. 1-2, 18-3.)

F.3d at 400 (internal quotations omitted). Relevant here, 29 U.S.C. § 1132(a)(1)(B) allows a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" By its terms, standing under the statute is limited to participants and beneficiaries. *Pascack Valley*, 388 F.3d at 400. The term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment" or former employees who "have a reasonable expectation of returning to covered employment" or who have a "colorable claim" to vested benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).[6] "The burden of persuasion for establishing a colorable claim is less exacting than that needed to establish a likelihood of success on the merits." *Baldwin v. University of Pittsburgh Medical Center*, 636 F.3d 69, 75 (3d Cir. 2011).

The Court holds that Plaintiff does not have a colorable claim to vested benefits under the Plan, such that ERISA does not completely preempt Plaintiff's claims or operate to confer original jurisdiction in this case. The Plan presented by Defendant includes a section titled "Eligibility" with a subsection titled "Exclusions from Eligibility." (ECF No. 18-3 at 4.) It states that, "[y]ou will be ineligible to receive severance pay and other benefits under this plan under the following circumstances: . . . If you are terminated for poor performance which, in the opinion of the company, was . . . misconduct[.]" (*Id.*) In other words, by the plain language of the Plan, when Defendant terminates an employee and identifies the cause as poor performance due to misconduct, the terminated employee is ineligible for the Plan's benefits. While Plaintiff argues that Defendant improperly terminated him "for cause" due to "misconduct," (ECF No. 1-1 ¶¶ 1-

---

[6] A "beneficiary" is "a person designated by a participant to recover benefits in the event of the participant's death." *See Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 n.4 (3d Cir. 2007) (citations omitted).

9), Plaintiff does not allege that he participated in the appeal process that was available to him to challenge the grounds for his termination or to seek severance pay. (ECF No. 1-1 ¶¶ 14-15.) Indeed, while the Plan provides for an appeal process whereby a participant must submit a "written application to the plan administrator within 90 days of [the participant's] termination," (ECF No. 1-2 at 10) Plaintiff does not allege that he submitted a written application or otherwise attempted to participate in the appeal process. Instead, Plaintiff alleges that he was advised by Defendant that "there was no process to challenge" his termination for cause. (ECF No. 1-1 ¶¶ 14-15.)

Defendant asserts that Plaintiff is a participant under the Plan because he "may become eligible to receive a benefit" and he need not establish "a present, undisputed right to payment." ECF No. 28 at 2-3. According to Defendant, the "relevant jurisdictional question is not whether Plaintiff has already established a right to payment; it is whether he is the sort of former employee who may assert a non-frivolous claim under the Plan." (ECF No. 28 at 2.) The Court finds Defendant's argument unavailing. While the standard for finding a plaintiff has asserted a colorable claim is less than that needed to establish a likelihood of success on the merits, the Court disagrees with Defendant's assertion that a finding that Plaintiff has asserted a "non-frivolous claim" is sufficient to find the claims preempted by ERISA. *Baldwin*, 636 F.3d at 75. Based on the plain language of the Plan, the Court finds Plaintiff has not asserted a colorable claim for vested benefits to confer original subject matter jurisdiction in this case. *Ericson v. Greenberg & Co., P.C.*, 118 F. App'x 608, 611 (3d Cir. 2004) (holding that because the plaintiff was no longer owed anything by the plan, she did not have a colorable claim to benefits from the plan at the time she filed her complaint and therefore could not be characterized as a participant). Because "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," *Frederico v. Home Depot*, 507 F.3d

188, 193 (3d Cir. 2007), Defendant's failure to show Plaintiff was a participant under the Plan compels the Court to find that removal was improper and that it lacks subject matter jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion to Remand (ECF No. 17) is **GRANTED** and Defendant's Motion to Dismiss the Complaint (ECF No. 18) is **DENIED** as moot. An appropriate Order follows.

Dated: October 15, 2026

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**